No. 3323

Second Circuit

## SUCCESSION OF BELL
### (Opposition of CLARK-MORSE LUMBER CO., INC.)

(March 12, 1929. Opinion and Decree.)

James W. Jones, of Natchitoches, attorney for plaintiff, appellant.

Rusca & Cunningham, of Natchitoches, attorneys for defendant, appellee.

WEBB, J. In this matter, Clark-Morse Lumber Company, Inc., appeals from a judgment dismissing an opposition filed by it to the account of the administrator of the succession of William Bell.

Opponents alleged that the deceased was indebted unto it in the sum of $613.61, balance due on an open account, and the evidence offered on the trial established that deceased had an account with the opponent, and extracts from the books of the company were also offered showing the account, as to which the president of the Clark-Morse Lumber Company stated that the account was correct and the balance shown thereon was due and unpaid, and there was further offered in evidence an answer, which had been filed by the deceased a short time prior to his death in an action brought by the heirs of his deceased wife for a settlement of the community, in which the deceased alleged that the community was indebted to the Clark-Morse Lumber Company, Incorporated (opponent here), in the sum of $571.50, balance for lumber used in a dwelling house, and the evidence established that the deceased had just before filing the answer, called upon the bookkeeper of the Clark-Morse Lumber Company and obtained from him a statement of his account with the Clark-Morse Lumber Company stating that he desired to use it in the suit by the heirs of his wife against him.

The account shows that the principal items were for lumber, but the evidence does not show that the lumber charged was used by deceased in constructing a dwelling house, and the evidence of the president of the Clark-Morse Lumber Company shows that he did not keep the books or make the sales of the items shown on the account, and therefore that he did not have personal knowledge of the sales made to deceased or of the balance due, and in the last analysis the question is whether or not the evidence showing that the deceased had an account with plaintiff on which the principal items were for lumber, considered with the answer filed by the deceased in the suit referred to, and the evidence showing that the deceased had obtained from the Clark-Morse Lumber Company (opponent) a statement of his account, just prior to filing the answer, was sufficient to warrant any judgment against the succession for any amount.

It is, of course, conceded that the answer filed by the deceased in the suit referred to, in so far as it contained an admission of indebtedness of the deceased to the opponent, was admissible (Well v. Compton, 3 Rob. 171; Vredenburg v. Baton Rouge Sugar Co., 52 La. Ann. 1666, 28 So. 122; Brown Chipley & Co. v. Haigh, 113 La. 563, 37 So. 478; Farley v. Frost-Johnson Lbr. Co., 133 La. 497, 63 So. 122, L. R. A.

1915A, 200, Ann. Cas. 1915C, 717); and the only question is whether the allegation made by the deceased which was sworn to by him, should be considered as an admission of indebtedness, and, if so, the effect which should be given to it, when considered with the other evidence tending to establish the opponent's claim.

We are of the opinion that the allegation should be considered as against the succession of the deceased as an admission, and while it is conceded that it would not be conclusive, yet there is not any such indebtedness due by the deceased, or the community of which he was the head and master, and it being shown, as stated, that the deceased did have an account with opponent, and that he had obtained from the bookkeeper a statement of his account just prior to filing the answer for the express purpose of using it to show an indebtedness due by him to the opponent, we are of the opinion that the claim to the amount of $571.50 was established, and the opposition should have been sustained for that amount.

It is therefore ordered that the judgment appealed from be avoided and set aside, and it is now ordered, adjudged, and decreed that the Clark-Morse Lumber Company, Incorporated, have and recover judgment against the succession of William Bell in the sum of $571.50, with legal interest from judicial demand, and all cost of suit, and that the administrator, Clifford Bell, be and is hereby ordered to place opponent, Clark-Morse Lumber Company, on the final account as a creditor of the succession for the amount hereinabove stated.